# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

SCOTIABANK DE PUERTO RICO,

**Plaintiff**,

v.

ERIC SANTIAGO HALAIS-BORGES,

**Defendant.**

Civil No. 18-1350 (FAB)

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Plaintiff Scotiabank de Puerto Rico ("Scotiabank") requests that the Court remand this action to the Puerto Rico Court of First Instance, San Juan Superior Division. (Docket No. 12.) For the reasons set forth below, the Court **GRANTS** Scotiabank's motion to remand.

## I. Background

On May 7, 2018, defendant Eric Santiago Halais-Borges ("Halais") submitted a notice of removal, invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. section 1331. (Docket No. 1.) The notice of removal states that the "Commonwealth Court Action concerns a suit for mortgage foreclosure and collection of monies owed by Defendant to Plaintiff." Id. at p. 1 (citing Scotiabank v. Eric Santiago Halais-Borges, Civil Case No. K CD 2012-1782). Halais sets forth

a myriad of affirmative defenses pursuant to eight federal statutes.[1] Scotiabank moves for remand to the Court of First Instance. (Docket No. 12.)

**II. Applicable Law**

Removal of an action to federal court is governed by 28 U.S.C. section 1441 ("section 1441"). Section 1441 provides that defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997); see also Long v. Bando Mfg. of Am., Inc., 201 F.3d 754, 757 (6th Cir. 2000) ("In order to invoke the district court's removal jurisdiction, a defendant must show that the district court has original jurisdiction over the action."). Original jurisdiction in the district court exists where a federal question claim "arising under the Constitution, laws, or treaties of the United

---

[1] Halais alleges that Scotiabank violated the: (1) Truth in Lending Act, 15 U.S.C. sections 1601 *et seq.*, (2) the Real Estate Settlement Procedures Act, 12 U.S.C. sections 2600 *et seq.*, (3) the Home Mortgage Disclosure Act, 12 U.S.C. sections 2801 *et seq.*, (4) the Home Ownership and Equity Protection Act, 15 U.S.C. section 1639, (5) the Equal Credit Opportunity Act, 15 U.S.C. sections 1691 *et seq.*, (6) the Fair and Accurate Credit Transactions Act, 15 U.S.C. section 1681 *et seq.*, (7) the Homeowner's Protection Act, 12 U.S.C. sections 4901-4910, and (8) the Fair Debt Collection Practices Act, 15 U.S.C. sections 1692 *et seq.* (Docket No. 1 at pp. 1—2.)

States" is raised in the plaintiff's complaint pursuant to 28 U.S.C. section 1331, or where there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. section 1332.  See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

As the party seeking removal, Halais shoulders the burden of demonstrating that removal is appropriate.  See Fayard v. Northeast Vehicle Servs., LLC, 533 F.3d 42, 48 (1st Cir. 2008).  Section 1441 is "strictly construed" against removal, and any doubt regarding the propriety of removal should be resolved in favor of remand.  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Rosselló-González v. Calderón-Serra, 398 F.3d 1, 11 (1st Cir. 2004) (remanding action because "[r]ead as a whole, we cannot say that this complaint presents a claim under the Federal Constitution.  No explicit reference to the United States Constitution or any other federal law is contained in the complaint; instead, all references are to Puerto Rico state laws, regulations, and the Commonwealth Constitution").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded."  28 U.S.C. § 1447(c).

Because "[f]ederal courts are courts of limited jurisdiction," the Court must "begin by ensuring that [it has] jurisdiction to reach the questions presented."  Hochendoner v.

Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016); see McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."). In general, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); see BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am., IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997) ("The gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry - the 'well-pleaded complaint rule' - which, in general, prohibits the exercise of federal question jurisdiction if no federal claim appears within the four corners of the complaint."). Scotiabank is the "master" of its complaint and may "avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc., 482 U.S. at 392.

**III. Discussion**

Remand and dismissal are warranted because the Court lacks federal jurisdiction. Halais failed to attach the underlying complaint to the notice of removal. (Docket No. 1.) Pursuant to 28 U.S.C. section 1446:

> A defendant or defendants desiring to remove any civil action from a State Court shall file . . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, **together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action**.

28 U.S.C. § 1446(a) (emphasis added). Although Halais omitted the complaint, he concedes that Scotiabank set forth only two causes of action: mortgage foreclosure and collection of monies. (Docket No. 1 at p. 1.) Both claims arise pursuant to Puerto Rico law. See P.R. Laws Ann. tit 31, § 5171 ("A debtor is liable for the fulfillment of his obligations with all his present and future property."); Scotiabank de Puerto Rico v. Residential Partners S.E., 350 F. Supp. 2d 334, 337 (D.P.R. 2004) (Pieras, J.) (denying motion to remove action based on collection of monies and mortgage foreclosure pursuant to Puerto Rico law because an affirmative defense arising from the federal Bank Holding Company act was "insufficient to confer federal jurisdiction"). The absence of any federal claim on the face of the complaint is fatal to Halais' attempt to remove this case to federal court.

The federal statutes that Halais raises in defense of Scotiabank's Puerto Rico law claims are insufficient to confer jurisdiction on this Court. In actions premised exclusively on state law, litigants cannot invoke federal jurisdiction by asserting defenses pursuant to federal law. Rosselló-González,

398 F.3d at 10 ("The existence of a federal defense is not sufficient for removal jurisdiction.") (citing Franchise Tax. Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) ("[A] federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action, but also asserts . . . a federal defense the defendant may raise is not sufficient to defeat the claim.")); Ten Taxpayer Grp. v. Cape Wind Assoc., 373 F.3d 183, 191 (1st Cir. 2004) ("It is hornbook law that a federal defense does not confer 'arising under' jurisdiction, regardless whether that defense is anticipated in the plaintiff's complaint.").

Because Halais failed to establish the existence of federal jurisdiction, the Court **GRANTS** Scotiabank's motion for remand.[2]

**IV. Conclusion**

For the reasons set forth above, Scotiabank's motion for remand is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE** for

---

[2] Scotiabank argued that Halais filed the notice of appeal "six years after the complaint was filed." (Docket No. 12 at p. 2.) Pursuant to 28 U.S.C. section 1446:

> The notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the original pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has the been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The Court need not address whether Halais filed a timely notice of removal, because this case is remanded on jurisdictional grounds.

lack of federal jurisdiction, and is **REMANDED** to the Puerto Rico Court of First Instance, San Juan Superior Division, case number K CD 2012-1782.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 22, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE