# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| SCOTIABANK DE PUERTO RICO,<br><br>**Plaintiff**,<br><br>v.<br><br>ERIC SANTIAGO HALAIS-BORGES,<br><br>**Defendant.** | **Civil No.** 18-1350 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

The Court remanded this action to the Puerto Rico Court of First Instance, San Juan Superior Division, case number K CD 2012-1782. (Docket No. 16.) Plaintiff Scotiabank de Puerto Rico ("Scotiabank") requests the Court to order defendant Eric Santiago Halais-Borges ("Halais") to pay attorneys' fees pursuant to 28 U.S.C. section 1447(c) ("section 1447"). (Docket No. 19.) For the reasons set forth below, the Court **GRANTS** Scotiabank's motion for attorneys' fees.

**I. Background**

On May 7, 2018, Halais filed a notice of removal. (Docket No. 1.) Halais invoked the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, asserting that the "Commonwealth Court Action concern[ed] a suit for mortgage foreclosure and collection of monies owed by [Halais] to [Scotiabank]." Id. at

p. 1 (citing Scotiabank v. Eric Santiago Halais-Borges, Civil Case No. K CD 2012-1782). Both claims arise pursuant to Puerto Rico law. See P.R. Laws Ann. tit 31, § 5171 ("A debtor is liable for the fulfillment of his obligations with all his present and future property."). Halais set forth a myriad of affirmative defenses pursuant to eight federal statutes.[1]

Scotiabank opposed removal, arguing that the Court lacked jurisdiction. (Docket No. 12.) The Court remanded this action, holding that the federal statutes "raise[d] in defense of Scotiabank's Puerto Rico law claims [were] insufficient to confer jurisdiction on this Court." Scotiabank de P.R. v. Halais-Borges, No. 18-1350, 2018 U.S. Dist. LEXIS 182535 *5 (D.P.R. Oct. 22, 2018) (Besosa, J.); see Scotiabank de P.R. v. Residential Partners S.E., 350 F. Supp. 2d 334, 337 (D.P.R. 2004) (Pieras, J.) (remanding action based on collection of monies and mortgage foreclosure pursuant to Puerto Rico law because an affirmative defense arising from the federal Bank Holding Company Act was "insufficient to confer federal jurisdiction"). Scotiabank seeks payment of the

---

[1] Halais alleges that Scotiabank violated the: (1) Truth in Lending Act, 15 U.S.C. § 1601 et seq., (2) the Real Estate Settlement Procedures Act, 12 U.S.C. § 2600 et seq., (3) the Home Mortgage Disclosure Act, 12 U.S.C. § 2801 et seq., (4) the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, (5) the Equal Credit Opportunity Act, 15 U.S.C. § 1691 et seq., (6) the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681 et seq., (7) the Homeowner's Protection Act, 12 U.S.C. §§ 4901-4910, and (8) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (Docket No. 1 at pp. 1—2.)

attorneys' fees stemming from the removal and subsequent remand of this action. (Docket No. 19.)

## II. Attorneys' Fees Pursuant to Section 1447

Section 1447 provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorneys' fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The United States Supreme Court has noted that "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005); see Cortés-Pacheco v. PBF-TEP Acquisitions, Inc., No. 15-1460, 2015 U.S. Dist. LEXIS 171876 *16 (D.P.R. Dec. 23, 2015) (Fusté, J.) (granting motion for attorneys' fees, because "[a]ll that the removal accomplished was eight months of needless litigation and expense").

An award of fees pursuant to section 1447 is committed to the sound discretion of the district court. See Martin, 546 U.S. at 138-39. There is neither a strong presumption in favor of awarding fees on remand, nor a strong bias against fee awards. Id. (noting that there is "nothing to . . . [suggest] that fees under § 1447(c) should either usually be granted or usually be denied"). Because there is "no heavy congressional thumb on either side of the scales

. . . the standard for awarding fees should turn on the reasonableness of the removal." Id. at 139-41. Consequently, "[a]bsent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Id. at 141. Section 1447 does not require a finding of bad faith. Net 2 Press, Inc. v. Nat'l Graphic Supply Corp., 324 F. Supp. 2d 15, 19 (D. Me. 2004) (citing Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 31, 32 (10th Cir. 1997)).

### III. Discussion

Scotiabank argues that no objectively reasonable basis supported removal to this Court. (Docket No. 19.) According to Scotiabank, an award of attorneys' fees is warranted because the notice of removal failed to raise "any federal claim whatsoever." (Docket No. 19 at p. 3.) The Court agrees.

In actions premised exclusively on state law, litigants cannot invoke the Court's subject matter jurisdiction by asserting defenses pursuant to federal law. Rosselló-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir. 2004) ("The existence of a federal defense is not sufficient for removal jurisdiction.") (citing Franchise Tax. Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) ("[A] federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of

action, but also asserts . . . a federal defense the defendant may raise is not sufficient to defeat the claim.")); Ten Taxpayer Grp. v. Cape Wind Assoc., 373 F.3d 183, 191 (1st Cir. 2004) ("It is hornbook law that a federal defense does not confer 'arising under' jurisdiction, regardless whether that defense is anticipated in the plaintiff's complaint.").

The relevant precedent is explicit: the federal statutes raised in defense of Scotiabank's Puerto Rico law claims cannot establish subject matter jurisdiction. See Scotiabank of P.R. v. Sánchez-Castro, 227 F. Supp. 3d 188, 195 (D.P.R. 2017) (Besosa, J.) (granting motion for attorneys' fees, because "a minimal amount of research on [the defendant's part] would have revealed to him that supplemental jurisdiction does not constitute an independent ground for removal jurisdiction"); Rafter v. Stevenson, 680 F. Supp. 2d 275, 281 (D. Me. 2010) (holding that the "defendant lacked an objectively reasonable basis for [removal]," because the "legal principles on which [the] case turns are established and clear"). Accordingly, Halais lacked an objectively reasonable basis to remove this action.

Four months elapsed between the notice of removal and remand. Removal consumed judicial resources, inflated litigation costs, and prolonged the resolution of this action. Ultimately, removal

to this Court constituted an unwarranted stay of the Commonwealth of Puerto Rico action. An award of attorneys' fees is proper.

Halais presents two arguments in opposition to Scotiabank's motion for attorneys' fees. (Docket No. 20 at pp. 5-6.) First, Halais cites precedent in which the removing party "took a reasonable stand on an unsettled principle of law." Docket No. 20 at p. 5 (citing Garnier v. Andin Intern, Inc., 884 F. Supp. 58, 62 (D.R.I. 1995) (denying request for attorneys' fees because "this was a tough case that resulted in setting a precedent for [the First Circuit]")). Second, Halais submits that the foreclosure and collection of monies claims raised by Scotiabank are preempted by federal law. Docket No. 20 at p. 6 (citing Negrón-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 2, 6 (1st Cir. 2008) (holding that the plaintiff's state law claims, "if completely preempted by [the Employee Retirement Income Security Act], can support removal of the entire action")).

Nothing in the record suggests that the causes of action set forth in Scotiabank's complaint present novel questions of law. See García v. Amfels, Inc., 254 F.3d 585, 588 (5th Cir. 2001) (affirming imposition of attorneys' fees, because "[d]espite appellant's attempt to conjure up a conflict in this Court's caselaw, there is no question that the [Longshore and Harbor Worker's Compensation Act] does not create federal subject matter

jurisdiction supporting removal"). The mere reference to a federal statute does not demonstrate that the doctrine of preemption is applicable. Accordingly, Halais' arguments are unavailing.

Scotiabank seeks payment of attorneys' fees in the amount of $1,762.50. (Docket No. 19 at p. 5.) Ramón Luis Nieves ("Nieves"), counsel for Scotiabank, submitted an affidavit under penalty of perjury concerning the legal services he provided in this matter. (Docket No. 19, Ex. 1.) Nieves states that the removal to this Court required him to work 13.75 hours at a rate of $100.00 an hour. Id. Counsel's paralegal worked 7.75 hours at a rate of $50.00 an hour. Id. This Court may "rely upon its own knowledge of attorney's fees in its surrounding area in arriving at a reasonable hourly rate." Andrade v. Jamestown Hous. Auth., 82 F.3d 1179, 1190 (1st Cir. 1996) (holding that the court imposed a reasonable amount of attorneys' fees by "determin[ing] the prevailing market rate for federal civil rights litigation by utilizing his knowledge and experience of the Providence, Rhode Island, market while considering the customary rate of [the plaintiff's] counsel"). The Court is satisfied that $1,762.50 is a reasonable amount.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Scotiabank's motion for attorneys' fees. (Docket No. 19.) Halais is **ORDERED**

to pay Scotiabank $1,762.50, the amount of attorneys' fees incurred as a result of the removal and subsequent remand of this action.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, December 11, 2018.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE
